UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MICHAEL JARRY,<br>Plaintiff,<br><br>      v.<br><br>TIMOTHY PENNINGTON LEGERES, et<br>al.,<br>Defendants. | Civil Action No.<br>23-10341-NMG |

MEMORANDUM AND ORDER

GORTON, J.

For the reasons set forth below, the Court allows plaintiff's first motion for leave to proceed in forma pauperis, denies plaintiff's emergency motion and second motion for motion for leave to proceed in forma pauperis, and advises plaintiff that the complaint is subject to dismissal.

## I.  Background

On February 13, 2023, Jonathan Michael ("Jarry"), a resident of Nashua, New Hampshire, initiated this action by filing a pro se complaint using the preprinted Pro Se 1 form (complaint for a  civil case) provided by the Administrative Office of the United States Courts.  Docket No. 1.  Named as defendants  are a Chelmsford police detective and wellness clinician as well as a resident of Florida and a New Hampshire bartender identified as a witness.  Id. at ¶ I(B) (the defendants).  Jarry also names the Commonwealth as a defendant. Id. at case caption.  For the basis of jurisdiction, plaintiff

checks the box for federal question, id. at ¶ II (basis for
jurisdiction), and specifies the Fourth and Fourteenth
Amendments to the United States Constitution.  Id. at ¶ II(A)
(if the basis for jurisdiction is a federal question). For
relief, he seeks $15,000,000.00.  Id. at ¶ II (B)(3)(amount in
controversy).

For the statement of claim, plaintiff alleges that in 2020,
he notified the Chelmsford Police that he was the victim of
identity theft. Id. at ¶ III (statement of claim).  Jarry
contends that due to "ineffective policing" his "life would be
ruined, to present day, personal business decimated that was
once thriving, [and his] family destroyed."  Id.  He contends
that the defendants had "full-knowledge of events."  Id.  Jarry
contends, among other things, that he has been "displaced due to
crimes" and that officers failed to respond to hundreds of calls
to the police.  Id.  at p. 6 (statement of claim).  He states
that he "would appreciate the court's help indicting, informing
the FBI to get to achieve resolution in [this] matter."  Id.

Jarry also filed two motions for leave to proceed in forma
pauperis and an emergency motion.  See Docket Nos 2, 4, 5.

## II.  Motion for Leave to Proceed In Forma Pauperis

Now pending are several motions for leave to proceed in
forma pauperis.  See Docket Nos 2, 4.  Plaintiff submitted a
handwritten motion, see Docket No. 4, and also used both the

current pre-printed application form (Rev. 06/09) as well as an older version of the form (Rev. 10/03).  See Docket No. 2.  Both forms are signed and dated February 9, 2023.  Id.  Despite some minor discrepancies, the court allows plaintiff leave to proceed in forma pauperis and will allow the first motion, see Docket No. 2, and deny the second motion as duplicative.  See Docket No. 4.

### III. Screening of the Complaint

Because Jarry is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements 28 U.S.C. § 1915 (proceedings in forma pauperis).  Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915 (e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The allegations must be sufficient to identify the manner by which the defendant subjected the plaintiff to harm and the harm alleged must be one for which the law affords a remedy. Iqbal, 556 U.S. at 678.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see Twombly, 550 U.S. at 555. "The fundamental purpose" of pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008). Rule 8's requirement of a "short and plain statement" protects defendants and courts from the "unjustified burden" of parsing and responding to unnecessarily lengthy pleadings. Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (quotation marks omitted).

Rules 8(d) and 10(b) impose additional requirements intended to further advance the fundamental purposes of giving defendants fair notice of the claims asserted against them and permitting them to formulate cogent answers and defenses to

4

those claims.  Specifically, Rule 8(d) requires "simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

A pro se plaintiff such as Jarry is entitled to a liberal reading of his allegations, even when such allegations are inartfully pled.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## IV.  Plaintiff's Complaint is Subject to Dismissal

Although the plaintiff does not invoke 42 U.S.C. § 1983, the court liberally construes pro se complaint as asserting a claim under 42 U.S.C. § 1983 for alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution.  See Compl., at ¶ II(A).  Section 1983 creates a private right of action through which plaintiffs may recover against state actors for constitutional violations.  Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013) (citing Rehberg v. Paulk, 566 U.S. 356, 360 (2012)).

Even construed liberally, Jarry's complaint does not satisfy the pleading requirements set forth in the Federal Rules of Civil Procedure and referenced above.  It is not "short and plain," its allegations are not "simple, concise, and direct," and its paragraphs are neither "numbered" nor "limited to a

5

single set of circumstances." Fed. R. Civ. P. 8(a)(2), 8(d),
10(b). It is impossible to discern from the complaint precisely
who Jarry alleges is liable for which alleged misconduct.

"The court should freely give leave [to amend] when justice so
requires." Fed. R. Civ. P. 15(a)(2). Given that Jarry is
proceeding pro se, he will be granted an opportunity to amend
the complaint to correct the pleading deficiencies noted above.

**V.   Filing of an Amended Complaint**

In light of the foregoing, this action will be dismissed
unless Jarry files an amended complaint which complies with the
pleading requirements of the Federal Rules of Civil Procedure
and sets forth a plausible claim upon which relief may be
granted. Any amended complaint must set forth the cause of
action (that is, the legal theory of liability) asserted against
each defendant, along with a brief statement of the underlying
facts to support each claim and the relief to which plaintiff is
allegedly entitled. The allegations in any amended complaint
must be presented in numbered paragraphs. See Fed. R. Civ. P.
10(b)(requiring a plaintiff "state [his] claims. . . in numbered
paragraphs, each limited as far as practicable to a single set
of circumstances."). Because an amended complaint completely
replaces the original complaint, see Brait Builders Corp. v.
Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st
Cir. 2011), it must stand on its own, without reference to the

original complaint.  If an amended complaint is filed, it will

be further screened.

### VI.  Order

Accordingly, it is hereby Ordered that:

1.    The motion (Docket No. 2) for leave to proceed <u>in</u>
      <u>forma</u> <u>pauperis</u> is GRANTED.  The subsequent motion
      (Docket No. 4) for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>
      is DENIED as duplicative.

2.    The emergency (Docket No. 3) motion is DENIED WITHOUT
      PREJUDICE.

3.    If plaintiff elects to proceed with this action, he
      must file an amended complaint that cures the pleading
      deficiencies noted above.

4.    Failure to timely comply with these directives within
      twenty-one (21) days of the date of this Memorandum
      and Order will result in dismissal of this action.

**So ordered.**

                          */s/ Nathaniel M. Gorton*
                          Nathaniel M. Gorton
                          United States District Judge

Dated: June 2, 2023